UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMAURI LOPEZ and MIGUELINA LOPEZ,<br><br>         Plaintiffs,<br><br>   - against -<br><br>SAZON DOMINICANO, INC. and MARGARET VIRUET,<br><br>         Defendants. | COMPLAINT<br><br>CASE NO.:<br><br>JURY TRIAL DEMANDED |

Plaintiffs, AMAURI LOPEZ and MIGUELINA LOPEZ (collectively "Plaintiffs"), by and through their attorneys, ZABELL & ASSOCIATES, P.C., complain and allege as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action seeking monetary damages, declaratory relief, and affirmative relief based upon Defendants' violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.; New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, et seq.; New York State Department of Labor Regulations ("NYDOL Regs"), N.Y.C.R.R. § 142-2.2, common law, and other appropriate rules, regulations, statutes and ordinances.

2. Plaintiffs allege pursuant to the FLSA and NYLL, that they each are entitled to recovery from Defendants: (1) statutory minimum wage for all hours worked; (2) overtime compensation for all hours worked in excess of forty (40) hours per week; (3) spread of hours pay for days worked in excess of ten (10)

hours per day; (4) any and all relief due and owing to Plaintiffs for Defendants' failure to provide proper meal periods; (5) any and all relief due and owing to Plaintiffs for Defendants' failure to maintain employment records; (6) interest on all compensation Defendants withheld; (7) an award of $5,000.00; the maximum penalty for violations of NYLL § 195; (8) liquidated damages; and (9) attorneys' fees and costs.

3. Plaintiffs further allege they are each entitled to recover from Defendants for unlawful conversion of monies rightfully due and owing, and in the alternative recovery under the equitable theories of unjust enrichment and *quantum meruit*.

## II. JURISDICTION AND VENUE

4. This Court maintains jurisdiction over the claims presented herein pursuant to 28 U.S.C. §§ 1331 and 1367.

5. This Court maintains jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

6. This action properly lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because the conduct alleged herein occurred within the State of New York, County of Nassau.

7. This Court is empowered to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

## III. PARTIES

8. Plaintiff, **AMAURI LOPEZ** (*hereinafter* "Plaintiff Amauri"), was at all times relevant herein, a domiciliary of the State of New York, residing in Freeport, New York.

9. Plaintiff, **MIGUELINA LOPEZ** (*hereinafter* "Plaintiff Miguelina"), was at all times relevant herein, a domiciliary of the State of New York, residing in Freeport, New York.

10. At all times relevant to the Complaint, each Plaintiff was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e) and Section 190(2) of the NYLL, N.Y. Lab. Law § 190(2).

11. Upon information and belief, Defendant **SAZON DOMINICANO, INC.** is a domestic business corporation (Restaurant) operating in 13 Atlantic Avenue, Freeport, New York 11520.

12. Upon information and belief, Defendant **MARGARET VIRUET** was the owner and/or principal of Sazon Dominicano, Inc. and in such a capacity: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules and the work environment; (3) determined the rate and method of payment of employees; and (4) maintained and/or was required to maintain employment records for all the related entities.

13. At all times relevant to the Complaint, Defendant **SAZON DOMINICANO, INC.**, was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 190(3) of the NYLL, N.Y. Lab. Law § 190(3).

14. Upon information and belief, at all times relevant herein, each Defendant was an "enterprise" and performed activities for a business purpose within the meaning of 29 U.S.C. §§ 203(r)(1) and (r)(2), due to their operation of the restaurant.

15. Upon information and belief, at all times relevant herein, Defendants employed more than two (2) employees and had a gross annual dollar volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) due to their operation of the restaurant.

16. Upon information and belief, at all times relevant to the Complaint, Defendants employed more than two (2) employees engaged in interstate commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in connection with their operation of the restaurant.

17. Upon information and belief, at all times relevant to the Complaint, Defendants employed employees, includin Plaintiffs, who regularly were and are presently engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. § 203(b), (g), (i) and (j) in connection with their operation of restaurant.

## IV.   FACTS

18. Plaintiffs repeat and reallege each and every allegation contained herein.

4

<u>Plaintiff Amauri Lopez</u>

19. Plaintiff Amauri was hired by Defendants in or about July 1, 2015, as a "cook." Plaintiff Amauri worked for Defendants from his date of hire through approximately November 20, 2016 in such a capacity.

20. Plaintiff Amauri has no formal training as a "cook" and his duties as a "cook" required no advanced knowledge, skill and/or expertise.

21. Plaintiff Amauri regularly worked Monday from 2:00 p.m. to 10:00 p.m., Tuesday and Wednesday from 2:00 p.m. to 12:00 a.m., Friday and Saturday from 2:00 p.m. to 3:00 or 4:00 a.m., and Sunday from 2:00 p.m. to 12:00 a.m.

22. Accordingly, Plaintiff Amauri worked no fewer than 66 hours per week.

23. Despite this fact, Defendants paid Plaintiff Amauri a flat rate of $300 per week, by check in the amount of 278.85 (Exhibit 1), and the remaining balance of $21.15 in cash regardless of the number of hours he worked.

24. Consequently, Plaintiff Amauri was paid $4.50 per hour, a rate below the applicable minimum wage the statutory minimum wage for all hours worked in violation of the FLSA and NYLL.

25. In addition to not paying Plaintiff Amauri the applicable minimum wage, Defendants failed to compensate him at a rate of one and a half (1.5) times his hourly rate for all hours worked in excess of forty (40) per week.

26. Plaintiff Amauri is a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

5

27. Accordingly, Plaintiff Amauri worked approximately 26 hours of overtime per week.

28. In addition, Defendants routinely held Plaintiff Amauri after his scheduled shift without compensation.

29. Upon information and belief, Defendants maintained no records of checks and/or cash disbursements to Plaintiff Amauri.

30. At all times relevant herein, Plaintiff performed the essential functions of his position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

31. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYYL by failing to maintain accurate time and attendance sheets and payroll records.

32. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R §516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

33. Defendants refused to provide Plaintiff time off for meal periods as required by law.

34. Despite working more than ten (10) hours per day, Plaintiff was not compensated an additional hour's pay when he worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

6

35. During Plaintiff's tenure, Defendants also failed to provide him with written notice of his wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

Plaintiff Miguelina Lopez

36. Plaintiff Miguelina was hired by Defendants in or about July 1, 2016, as a "Dishwasher." Plaintiff Miguelina worked for Defendants from her date of hire through approximately November 20, 2016 in such a capacity.

37. Plaintiff was not paid in accordance with the statutory minimum wage for all hours worked in violation of the FLSA and NYLL.

38. Plaintiff Miguelina regularly worked Monday from 2:00 p.m. to 10:00 p.m., Tuesday from 2:00 p.m. to 12:00 a.m., Wednesday from 2:00 p.m. to 10:00 p.m., Thursday from 2:00 p.m. to 12:00 a.m. Friday from 2:00 p.m. to 2:00 a.m. and Saturday from 2:00 p.m. to 2:00 a.m.

39. Accordingly, Plaintiff Miguelina worked no fewer than 60 hours per week.

40. Defendants paid Plaintiff Miguelina a flat rate of $300 per week, in cash regardless of the number of hours she worked.

41. Consequently, Plaintiff Miguelina was paid $5.00 per hour, a rate below the applicable minimum wage the statutory minimum wage for all hours worked in violation of the FLSA and NYLL.

42. In addition to not paying Plaintiff Miguelina the applicable minimum wage, Defendants failed to compensate her at a rate of one and a half (1.5) times her hourly rate for all hours worked in excess of forty (40) per week.

7

43. Plaintiff Amauri is a "non-exempt" employee who is eligible for overtime premiums for all hours worked in excess of forty (40) per week.

44. Accordingly, Plaintiff worked approximately 20 hours of overtime per week.

45. In addition, Defendants routinely held Plaintiff Miguelina after her scheduled shift without compensation.

46. Upon information and belief, Defendant maintained no records of cash disbursements to Plaintiff Miaguelina.

47. At all times relevant herein, Plaintiff performed the essential functions of her position in a more than satisfactory manner and satisfied all conditions precedent to payment in accordance with the established terms and conditions of his employment.

48. Defendants willfully disregarded and purposely evaded record keeping requirements of the FLSA and the NYYL by failing to maintain accurate time and attendance sheets and payroll records.

49. Defendants failed to post notices explaining wage and hour requirements in conspicuous locations as required by the FLSA, 29 C.F.R §516.4 and the NYLL, N.Y.C.R.R. 12 § 137-2.3.

50. Defendants refused to provide Plaintiff time off for meal periods as required by law.

51. Despite working more than ten (10) hours per day, Plaintiff was not compensated an additional hour's pay when he worked more than ten (10) hours in a day as required by 12 N.Y.C.R.R. § 142-2.4.

52. During Plaintiff's tenure, Defendants also failed to provide her with written notice of her wage rate, in accordance with the New York State Wage Theft Prevention Act, NYLL § 195.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – FLSA Violation)

53. Plaintiffs repeat and re-allege each and every allegation contained herein.

54. During Plaintiffs' respective tenures, Defendants failed to compensate Plaintiffs at the applicable minimum wage.

55. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

56. Plaintiffs are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

57. Pursuant to 29 U.S.C. § 206, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce" at least the statutory minimum wage.

58. As set forth above, Plaintiffs did not receive the statutory minimum wage for all hours worked.

59. Consequently, by failing to pay the statutory minimum wage, Defendants violated the governing provisions of the FLSA.

9

60. Upon information and belief, Defendants' failure to pay minimum wage was willful.

61. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

62. Upon information and belief, the records concerning the number of hours worked by Plaintiffs, and those individuals similarly situated, as well as the compensation they received in each workweek are in the exclusive custody and control of Defendants.

## SECOND CLAIM FOR RELIEF
### (Failure to Pay Minimum Wage – NYLL Violation)

63. Plaintiffs repeat and reallege each and every allegation contained herein.

64. During Plaintiffs' respective tenures, Defendants failed to compensate them at the applicable minimum wage.

65. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

66. Plaintiffs are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

10

67. 12 NYCRR § 142-2.1 requires that "[t]he minimum wage shall be paid for the time an employee is permitted to work, or is required to be available for work at a place prescribed by the employer."

68. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

69. Plaintiffs did not receive the statutory minimum wage for all hours worked.

70. Consequently, by failing to pay the statutory minimum wage, Defendants violated the New York Labor Law § 190, et seq.

71. Upon information and belief, Defendants' failure to pay minimum wage was willful.

72. By the foregoing reasons, Defendants are liable to Plaintiffs an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

73. Upon information and belief, the records concerning the number of hours worked by Plaintiffs as well as the compensation Plaintiffs received in each workweek are in the exclusive custody and control of Defendants.

### THIRD CLAIM FOR RELIEF
### (Failure to Pay Overtime – FLSA Violation)

74. Plaintiffs repeat and reallege each and every allegation contained herein.

11

75. Defendants are employers, within the meaning contemplated, pursuant to 29 U.S.C. § 203(d).

76. Plaintiffs are employees, within the meaning contemplated, pursuant to 29 U.S.C. § 203(e).

77. Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

78. Plaintiffs both worked in excess of forty (40) hours per week.

79. Plaintiffs did not receive overtime compensation at the rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

80. Consequently, by failing to pay overtime compensation, Defendants violated the governing provisions of the FLSA.

81. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

82. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs.

## FOURTH CLAIM FOR RELIEF
### (Failure to Pay Overtime – New York Labor Law Violation)

83. Plaintiffs repeat and re-allege each and every allegation contained herein.

84. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

85. Plaintiffs are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

86. 12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

87. NYLL Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

88. Plaintiffs each worked in excess of forty (40) hours per week.

89. Plaintiffs did not receive overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

90. Consequently, by failing to pay to overtime compensation, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2.

91. Upon information and belief, Defendants' failure to pay overtime compensation was willful.

92. By the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142-2.2 and are liable to Plaintiffs, and those similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### FIFTH CLAIM FOR RELIEF
### (Failure to Pay Spread of Hours Pay – New York Labor Law Violation)

93. Plaintiff repeats and re-alleges each and every allegation contained herein.

94. Defendants are employers, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting NYDOL Regs.

95. Plaintiffs, and those individuals similarly situated, are employees within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting NYDOL Regs.

96. 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours [in a day]."

97. Upon information and belief, Defendants failed to pay Plaintiffs an additional hour's pay when they worked more than ten (10) hours in a day.

98. Plaintiffs, and upon information and belief, individuals similarly situated regularly worked in excess of ten (10) hours per day.

99. Consequently, by failing to pay an additional hour's pay when Plaintiffs worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 142-2.4.

100. By the foregoing reasons, Defendants violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SIXTH CLAIM FOR RELIEF
### (Failure to Provide Proper Meal Periods – New York Labor Law Violation)

101. Plaintiffs repeat and reallege each and every allegation contained herein.

102. Plaintiffs were each employed in Defendants' restaurant.

103. Plaintiffs worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiffs began work prior to 11:00 a.m. and worked past 7:00 p.m.

104. However, Defendants failed to provide Plaintiffs with at least two (2) separate meal periods, one between 11:00 a.m. and 2:00 p.m. and the second between 5:00 p.m. and 7:00 p.m., in violation of NYLL §§ 162(2) & (3).

105. Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiffs pursuant to NYLL § 162(5).

106. By the foregoing reasons, Defendants have violated 12 NYCRR § 142-2.4 and are liable to Plaintiffs an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### SEVENTH CLAIM FOR RELIEF
### (New York Wage Theft Prevention Act Violation)

107. Plaintiffs repeat and reallege each and every allegation contained herein.

108. The New York Wage Theft Prevention Act requires employers, upon hire, to "notify his or her employees, in writing, at the time of hiring of the rate of pay and of the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article, and obtain a written acknowledgement from each employee of receipt of this notice. Such acknowledgement shall conform to any requirements established by the commissioner with regard to content and form. For all employees who are eligible for overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

109. Defendants did not provide Plaintiffs with a wage notice, as required by NYLL § 195.

110. Plaintiffs did not sign an acknowledgment confirming receipt of said notice, as required by NYLL § 195.

111. For the foregoing reasons, Defendants violated NYLL § 195 and are liable to Plaintiffs an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### EIGHT CLAIM FOR RELIEF
### (Failure to Maintain Records – FLSA Violation)

112. Plaintiffs repeat and reallege each and every allegation contained herein.

113. Upon information belief, Defendants failed to preserve requisite payroll records mandated by Title 29 of the Code of Federal Regulations Part 516.

114. Upon information and belief, Defendants failed to maintain accurate payroll records showing for each employee their, inter alia: (1) name as used for Social Security recordkeeping purposes; (2) home address; (3) date of birth; (4) sex and occupation in which employer; (5) time of day and day of week on which the workweek begins; (6) hourly rate of pay, including the basis of pay by indicating the monetary amount paid per hour, per day and per week; (7) hours worked each workday and the total hours worked each workweek; (8) total wage paid each pay period; and (9) date of wage payment and the pay period covered by the payment.

115. For the foregoing reasons, Defendants violated Title 29 of the Code of Federal Regulations Part 516, thereby entitling Plaintiffs to damages in an amount to be determined at trial, plus interest, litigation costs, and reasonably attorneys' fees, along with injunctive relief.

### NINTH CLAIM FOR RELIEF
(Failure to Maintain Records – New York Labor Law Violation)

116. Plaintiffs repeat and reallege each and every allegation contained herein.

117. NYLL §§ 195(4) and 661 require employers to establish, maintain and preserve, for not less than six (6) years, contemporaneous, true, and accurate payroll records for each employee, including (1) payroll records for each week worked the hours worked; (2) the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other basis; (3) gross wages; (4) deductions; (5) allowances, if

17

any, claimed by the minimum wage; and (6) net wages. N.Y. Lab. Law §§ 195(4) & 661.

118. NYLL §§ 195(4) and 661 requires employers payroll records to include the (1) regular hourly rate or rates of pay; (2) overtime rate or rates of pay; (3) number of regular hours worked; and (4) number of overtime hours worked. N.Y. Lab. Law §§ 195(4) & 661.

119. Upon information and belief, Defendants failed to maintain true and accurate payroll records for Plaintiffs for the applicable statutory period.

120. By the foregoing reasons, Defendants have violated NYLL §§ 195(4) & 661 and are liable to Plaintiffs an amount to be determined at trial, plus interest, attorneys' fees, and costs.

### TENTH CLAIM FOR RELIEF
### (Conversion)

121. Plaintiffs repeat and reallege each and every allegation contained herein.

122. Defendants failed to compensate Plaintiffs for wages earned during the course of their employment with Defendants.

123. As a result, Defendants wrongfully interfered with rights of Plaintiffs to immediate possession of the full amount of these wages.

124. As a direct result of Defendants' unlawful conversion of Plaintiffs' compensation and all to which they were (and are) entitled to immediate possession, Plaintiffs have suffered, and continue to suffer, substantial economic damages.

18

125. Defendants' unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiffs, warranting an award of damages against Defendants.

### ELEVENTH CLAIM FOR RELIEF
### (Unjust Enrichment and *Quantum Meruit*)
### (Plead in the Alternative)

126. Plaintiffs repeat and reallege each and every allegation contained herein.

127. Plaintiffs performed numerous and valuable services at the behest of and on behalf of Defendants.

128. Plaintiffs were not paid for the reasonable value of those services.

129. Defendants have been unjustly enriched by withholding monies earned by and rightfully belonging to Plaintiffs.

130. By reason of the forgoing, Defendants are liable to Plaintiffs in an amount to be determined at trial.

## VI.   DEMAND FOR JURY TRIAL

131. Plaintiffs repeat and reallege each and every allegation contained herein.

132. Plaintiffs hereby demand a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiffs respectfully request that this Court grant the following relief:

   a) On the First, Second, Third, Fourth, Fifth, Sixth and Seventh, Eighth, and Ninth Causes of Action, an award of Plaintiffs' actual damages in an amount to be determined at trial plus interest;

b) On the Seventh Claim for Relief, an award up to $5,000.00; the maximum penalty for violations NYLL § 195;

c) Order Defendants pay Plaintiffs a reasonable sum for expenses pursuant to the NYLL §§ 198, 663;

d) Declare Defendants violated the FLSA and NYLL;

e) An award of liquidated damages where allowed by statute;

f) Defendants be ordered to pay Plaintiffs pre and post judgment interest;

g) Defendants to pay all costs and disbursements of this action, including Plaintiffs' attorneys' fees; and

h) Order such other and further relief as may be just and proper.

Dated: Bohemia, New York
December 15, 2016

ZABELL & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*

By: _____

Saul D. Zabell, Esq.
ZABELL & ASSOCIATES, P.C.
1 Corporate Drive, Suite 103
Bohemia, NY 11716
Tel. (631) 589-7242
Fax (631) 563-7475
SZabell@laborlawsny.com

20